

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-1998

# United States v. Askari

Precedential or Non-Precedential:

Docket 95-1662

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

## Recommended Citation

"United States v. Askari" (1998). *1998 Decisions*. Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 7, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 95-1662

UNITED STATES OF AMERICA

v.

MUHAMMAD ASKARI,
        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 92-cr-00288)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 1996

Before: BECKER, McKEE and GARTH, Circuit Judges

Argued En Banc October 29, 1997

Before: SLOVITER* Chief Judge, BECKER, STAPLETON,
MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD,
ALITO, ROTH, LEWIS, McKEE and GARTH, Circuit Judges

(EN BANC OPINION FILED APRIL 8, 1998)

PRESENT: BECKER, Chief Judge, SLOVITER, STAPLETON,
GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO,
ROTH, McKEE, and GARTH, Circuit Judges.**
_____

* Judge Sloviter was Chief Judge at the time this appeal was argued.
Judge Sloviter completed her term as Chief Judge on January 31, 1998.
** Although Judge Mansmann and Judge Lewis were present on the en
banc panel, they were unable to be present on this petition due to
illness.

ORDER SUR PETITION FOR
RECONSIDERATION OF EN BANC OPINION

BECKER, Chief Circuit Judge.

On April 8, 1998, we filed an en banc opinion holding that defendant Muhammad Askari could not qualify for a departure under S 5K2.13 of the United States Sentencing Guidelines because he did not commit a "non-violent offense." United States v. Askari, No. 95-1662, Slip Op. at 28 (3d Cir. 1998) (en banc). We construed "non-violent offenses" for purposes of S 5K2.13 as "those [offenses] which do not involve a reasonable perception that force against persons may be used in committing the offense." Id. at 26.

One day before our opinion was filed, on April 7, 1998, the United States Sentencing Commission proposed an amendment to S 5K2.13 of the Sentencing Guidelines which provides inter alia that a departure for diminished capacity is not available if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." U.S.S.G. S 5K2.13 (amendment proposed April 7, 1998). The amendment substitutes this language in place of the "non-violent offense" requirement in the current version of S 5K2.13.

On April 20, 1998, the defendant (timely) filed a petition for reconsideration of our en banc opinion based on this proposed amendment. The defendant argues that the proposed amendment should be treated as a "clarifying amendment" under our jurisprudence, and should therefore be given considerable weight in our attempt to determine the meaning of S 5K2.13. Citing United States v. Joshua, 976 F.2d 844, 853 (3d Cir. 1992). On the merits, the defendant contends that, under the proposed amendment, the question of whether his offense indicates "a need to protect the public because the offense involved actual violence or a serious threat of violence" is properly for the district court to consider in the first instance on the basis of all the facts and circumstances of the offense. Since the

2

defendant is currently serving a 210 month sentence, and could benefit from a resentencing, the question whether a remand is appropriate here holds more than purely academic interest.

The government filed an answer to the petition on May 15, 1998. It agrees with the defendant that the proposed amendment is "clarifying." However, the government rejects defendant's argument that a remand is necessary here. According to the government, because a reasonable person could infer a threat of harm from defendant's actions, his threat of violence was "serious" and therefore even under the proposed amendment the S 5K2.13 departure should still be precluded. Alternatively, the government contends that the defendant has a "long and violent criminal history," which precludes a departure under both the present and the amended versions of S 5K2.13.

A majority of the en banc court has voted to grant the motion for reconsideration, and hence it is hereby granted. However, the premise of the reconsideration is the Sentencing Commission's clarifying amendment toS 5K2.13 becoming operative. Since that event cannot occur until November 1, 1998 (the date by which Congress must act to prevent the amendment from taking effect), the court has decided to stay the mandate until that date, and it is hereby stayed. If Congress rejects the amendment, the original en banc opinion shall take effect and the clerk will issue the mandate accordingly. If Congress does not by November 1, 1998 act, the clerk shall enter an order formally vacating the opinion on the docket. The court will thereafter decide whether or not to remand the matter to the district court for further proceedings.

       BY THE COURT:

       /s/ Edward R. Becker

       Chief Circuit Judge

DATED: August 7, 1998

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

4